Michail Z. Hack (MH-6127)
Maria Campese (MC-5650)
Schwartz Law P.C.
666 Old Country Road - Ninth Floor
Garden City, New York    11530

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| STEPHEN GIORDANO | Case No.: _____ |
| Plaintiff, | **COMPLAINT** |
| - against - | |
| AETNA LIFE INSURANCE COMPANY, | **JURY TRIAL DEMANDED** |
| Defendant. | |

---

Plaintiff, STEPHEN GIORDANO, by and through his attorneys, SCHWARTZ LAW PC, as and for his Complaint against Defendant AETNA LIFE INSURANCE COMPANY hereby sets forth the following:

**THE PARTIES**

1. Plaintiff Stephen Giordano (hereinafter "Plaintiff"), is a resident of the State of North Carolina.

2. Defendant Aetna Life Insurance Company (hereinafter "Aetna") offers group long term disability policies to employers such as Plaintiff's employer, ICAP North America Inc.

3. Upon information and belief and at all times hereinafter mentioned, Defendant Aetna is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business at 151 Farmington Avenue., Hartford, CT 06156.

## JURISDICTION AND VENUE

4. Jurisdiction is founded on 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) because the claims herein arise under the Employee Retirement Income Security Act of 1974 [29 U.S.C. §1001 *et seq.*] and the regulations promulgated thereunder.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§1391(b)(1) and (c) and 29 U.S.C. 1132(e)(2) because Defendant resides in this judicial district, is subject to personal jurisdiction in this judicial district, and maintains contacts in this judicial district sufficient to subject it to personal jurisdiction.

## FACTS

6. At all times hereinafter mentioned, Plaintiff was an employee of ICAP North America Inc.

7. On or about September 7, 2005, Defendant issued a Group Long Term Disability policy to ICAP North America Inc. (hereinafter the "Policy").

8. At all times hereinafter mentioned, said Policy was issued for the benefit of certain eligible ICAP North America Inc. employees in exchange for the payment of premiums.

9. At all times mentioned herein, Plaintiff was eligible for disability benefits and is a beneficiary under the Policy issued by Defendant.

10. The Policy provides, *inter alia*, that disability insurance payments will be made to Plaintiff in the event that he becomes disabled due to an injury or sickness.

11. On or before January 9, 2008, during the period within which the Policy was in full force and effect, and while Plaintiff was an eligible beneficiary, Plaintiff became disabled within the meaning and pursuant to the terms of the Policy in that he was unable to perform the material of his own occupation solely because of disease or injury and his work earning were 80% or less than his adjusted Predisability earnings.

12. As of this date, Plaintiff continues to be disabled pursuant to the Policy's terms.

13. Plaintiff filed a claim, cooperated with Defendant, provided proper proof of loss, and otherwise complied with the Policy terms and conditions regarding the filing of a claim.

14. By correspondence dated June 13, 2016 Defendant advised Plaintiff that he was no longer eligible for long term disability benefits under the Policy.

**THE ADMINISTRATIVE APPEALS PROCESS**

15. Thereafter, Plaintiff timely submitted his appeal of Aetna's initial adverse long term disability benefit determination on December 9, 2016.

16. As of the filing of this Complaint, Aetna has not made a determination upon review of Plaintiff's appeal, more than 88 days subsequent to the submission of Plaintiff's appeal.

17. The Department of Labor regulation established to protect procedural fairness in ERISA claims such as Plaintiff's was enabled under Section 409 of ERISA [ 29 U.S.C. §1133], and is codified at 29 C.F.R. § 2560.503-1 (hereinafter, the "Regulation").

18. The Regulation requires that a Plan Administrator, such as Defendant, provide a claimant with the plan's benefit determination on claimant's administrative appeal within a reasonable period of time, but not later than 45 days after receipt of the claimant's request for review by the plan.     29 C.F.R. § 2560.503-1 i(1) and (i)(3)(I).

19. The Regulation provides that the Plan Administrator may have an additional 45 days to render a decision on the administrative appeal but only if all of the following conditions are satisfied:

   a. The extension of time must be for "special circumstances" (such as the need to hold a hearing, if the plan's procedures provide for a hearing);

   b. Written notice of the extension shall be furnished to the claimant prior to the termination of the initial 45-day period.

   c. The extension notice shall indicate the special circumstances requiring an extension of time and;

   d. The date by which the plan expects to render the determination on review.

29 C.F.R. § 2560.503-1 i(1) and (i)(3)(I).

20. By correspondence received by Plaintiff on January 19, 2017, Aetna advised Plaintiff that it required additional time beyond the initial 45 day period to render its determination upon review.

4

21. That notice failed to delineate the "special circumstances" requiring an extension of time. Plaintiff sent letters to Aetna on January 24, 2017 and February 8, 2017 requesting that Aetna identify the "special circumstances" that required it to request the extension. To date, Aetna has not responded to either letter.

22. The notice of extension provided to Plaintiff by Aetna failed to satisfy the Regulation's requirements entitling Aetna to an extension of time.

23. Paragraph (l) of the Regulation provides that if an employee welfare benefit plan, such as Plaintiff's, fails to follow claims procedures consistent the Regulation, it will, by operation of law, have "fail[ed] to provide a reasonable claims procedure that would yield a decision on the merits of the claim, " and a claimant, such as Plaintiff, "[s]hall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act." 29 C.F.R.   2560.503-1(l).

24. The Second Circuit holds that the substantial compliance doctrine is "flatly inconsistent" with the claim-procedure regulation and that a plan administrator "must strictly adhere to the regulation to obtain the more deferential arbitrary and capricious standard of review" Halo v. Yale Health Plan, 819 F.3d 42, 45 (2d Cir. 2016). See also Salisbury v. Prudential Insurance Company of America, 15-CV-9799(AJN), 2017 WL 780817 (S.D.N.Y. Feb. 28, 2017) wherein Judge Alison Nathan on facts substantially identical to those herein found that Prudential's written notice did not identify any usual difficulties associated with the Plaintiff's claim. Judge Nathan cited the Department of Labor: "the time periods for decisionmaking are generally maximum periods, not automatic

entitlements." *See* ERISA Rules and Regulations for Administration and Enforcement; Claims Procedures, 65 Fed. Reg. 70,246, 70,250, 2000WL 1723740 (Nov. 21, 2000).

25. As of the filing of this Complaint, 88 days have elapsed since the filing of Plaintiff's administrative appeal. To date, Defendant has not issued a benefit determination upon review as required by the Regulation.

26. By operation of law, Plaintiff is deemed to have exhausted his administrative remedies and is entitled to pursue this action.

## COUNT ONE

### (Breach of Contract 29 U.S.C. § 1132 (A)(1)(B))

27. Under the terms the Policy, Defendant is obligated to make periodic monthly benefits to Plaintiff so long as he remains disabled under the terms of the policy.

28. Despite Plaintiff's total disability, Defendant refused and continues to refuse to pay benefits pursuant to the Policy, although payment thereof has been duly demanded.

29. Said refusal on the part of Defendant is a willful and wrongful breach of the Policy terms and conditions.

30. Monthly benefits to Plaintiff continue to be due and payable by Defendant with the passage of each month.

31. Defendant is a conflicted decision maker because it has a financial interest in the outcome of Plaintiff's claim and said conflict improperly influenced its adverse benefit determinations.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

**WHEREFORE,** Plaintiff requests declaratory and monetary judgment against the Defendant pursuant to ERISA §502(a)(1)(B) as follows:

a) Plaintiff is disabled pursuant to the language and within the meaning of the subject Policy of insurance issued by Defendant;

b) Defendant must pay all benefits in arrears due and owing since the termination of benefits, plus interest; and

c) Defendant's obligation to pay benefits to Plaintiff shall continue as long as he remains totally disabled, subject to the terms of and the applicable benefit period contained in the Policy.

d) Plaintiff is entitled to award of attorney's fees and costs and disbursements; and

e) Such other relief as the Court deems just and equitable.

Dated: Garden City, New York
March 7, 2017

By: _____

Michail Z. Hack
Maria Campese
SCHWARTZ LAW PC
Attorneys for Plaintiff
666 Old Country Road - Ninth Floor
Garden City, New York 11530
(516) 745-1122